UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA R. MARCHEL,<br><br>           Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>           Defendant. | No. 2:13-cv-1416 DAD<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's opening brief, construed by the court as a motion for summary judgment, and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On December 29, 2009, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on June 14, 2010. (Transcript ("Tr.") at 25.) Plaintiff's application was denied initially, (id. at 98-102), and upon reconsideration. (Id. at 113-17.) Thereafter, plaintiff requested an administrative

1

hearing and a hearing was held before an Administrative Law Judge ("ALJ") on February 6, 2012. (Id. at 40.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 40-41.) In a decision issued on March 27, 2012, the ALJ found that plaintiff was not disabled. (Id. at 35.)

The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since December 29, 2009, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: chronic neck pain with radiculopathy, pain disorder, posttraumatic stress disorder (PTSD), bipolar disorder type II, and methamphetamine abuse in early remission (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except lift/carry less than 10 pounds occasionally and frequently and occasionally reach, handle, finger, and feel with right arm and had no limitation with left arm. She should avoid climbing, balancing, stooping, crawling, and kneeling. Mentally, she can perform low stress, simple, and repetitive work. The claimant is capable of interacting with supervisors but should minimize public contact and with co-workers and is capable of performing work activities on a consistent basis.
>
> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on May 4, 1962 and was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

/////

      10.  The claimant has not been under a disability, as defined in the Social Security Act, since December 29, 2009, the date the application was filed (20 CFR 416.920(g)).

(Id. at 27-35.)

On May 22, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's March 27, 2012 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 16, 2013.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari,  298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

3

>Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion plaintiff asserts the following two principal claims:  (1) the Commissioner improperly rejected medical opinion evidence; and (2) the ALJ failed to comply with the requirements of Social Security Rule 00–4p.[1]

I.   Medical Opinion Evidence

Plaintiff argues that the ALJ erred by rejecting the opinion of Dr. David Daurazo, plaintiff's treating physician.[2]  (Pl.'s MSJ (Dkt. No. 15) at 21-26.[3])

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual.  Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir.

---

[1] The court has reorganized plaintiff's claims for purposes of clarity and efficiency.

[2] Although the parties' briefing refers to Dr. Daurazo, the record contains references to a Dr. Damazo.  Tr. at 67, 423, 430.  It is unclear to the court if these are two different doctors or if one name is the misspelling of the other.

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1990).  The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.  (Id. at 831.)  Finally, greater weight should be given to the "'opinion of a specialist about medical issues related to his or her area of specialty.'"  Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(5)).  Although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'"  Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, on August 16, 2012, plaintiff's treating physician, Dr. David Daurazo, completed an impairment questionnaire in which he indicated that plaintiff's impairments precluded her from performing any full-time work at any exertional level.  (Tr. at 405.)  The questionnaire addressed Dr. Daurazo's opinion as to plaintiff's primary impairments, the objective findings upon which he based his opinion and plaintiff's specific functional limitations.  (Id. at 405-06.)  According to Dr. Daurazo, plaintiff had been disabled by these impairments since 1998.  (Id. at 406.)

The ALJ afforded "minimal weight" to Dr. Daurazo's opinion finding that Dr. Daurazo's opinion was, "not consistent with the CE medical opinions, the medical findings from Parole Outpatient Clinic, and the claimant's multiple daily activities, as well as the SA determination."  (Id. at 35.)  That, however, is the complete extent of the support cited by the ALJ for affording minimal weight to Dr. Daurazo's opinion.  Moreover, there is no discussion in the ALJ's decision of precisely how Dr. Daurazo's opinion conflicts with any of the other evidence of record.

As noted above, if an ALJ rejects the opinion of a treating physician that is contradicted by the opinion of an examining physician, the ALJ must give specific and legitimate reasons for doing so.  "[The ALJ] must set forth his own interpretations and explain why they, rather than the

doctors', are correct." Reddick, 157 F.3d at 725. "In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014).

Moreover, in this case, after the ALJ issued his opinion plaintiff submitted to the Appeals Council the opinion of another treating physician, Dr. John Parsons. In this regard, on August 31, 2012, Dr. Parsons completed the same impairment questionnaire that had been completed by treating physician Dr. Daurazo and therein similarly opined that plaintiff's impairments precluded her from performing any full-time work at any exertional level. (Id. at 456.) As was the case with Dr. Daurazo's opinion, Dr. Parsons' opinion also addressed plaintiff's primary impairments, the objective findings upon which Dr. Parson based his opinion and plaintiff's specific functional limitations. (Id. at 456-57.)

Although Dr. Parsons' opinion was not before the ALJ, it was considered by the Appeals Council which then denied review of the ALJ's decision. (Tr. at 4.)

> [W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.

Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1159-60 (9th Cir. 2012). Here, the record before the court now contains a second opinion from a treating physician opining that plaintiff's residual functional capacity was far more limited than that found by the ALJ. Moreover, because Dr. Parsons' opinion was not before the ALJ, the court can only speculate as to the weight the ALJ would have assigned to that treating physician opinion. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all medical opinion evidence.").

/////
/////

Accordingly, for the reasons stated above, the court finds that plaintiff is entitled to relief with respect to this claim.[4]

II. SSR 00–4p

Plaintiff also argues that the ALJ violated Social Security Rule ("SSR") 00–4p by failing to ask the vocational expert if her testimony was consistent with the Dictionary of Occupational Titles ("DOT"). (Pl.'s MSJ (Dkt. No. 15) at 15.) Moreover, plaintiff argues that the vocational expert's testimony was inconsistent with the DOT. (Id. at 15-18.)

> SSR 00–4p unambiguously provides that "[w]hen a [vocational expert] . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] . . . evidence and information provided in the [Dictionary of Occupational Titles ]." SSR 00–4p further provides that the adjudicator "will ask" the vocational expert "if the evidence he or she has provided" is consistent with the Dictionary of Occupational Titles and obtain a reasonable explanation for any apparent conflict.

Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (alterations in original). Here, the Commissioner concedes that at the administrative hearing the ALJ did not ask the vocational expert whether her testimony conflicted with the DOT.[5] (Def.'s MSJ (Dkt. NO. 18) at 8.)

In addition, the ALJ determined that plaintiff's residual functional capacity was limited to "low stress, simple, and repetitive work." (Tr. at 28.) In this regard, the ALJ's hypothetical question to the vocational expert included a limitation to "simple, repetitive routine tasks."[6] (Id. at 71.) The vocational expert answered that such a person could perform the jobs of call-out

---

[4] Plaintiff also challenges the ALJ's rejection of the opinion offered by Lance Ferris, LCSW. (Pl.'s MSJ (Dkt. No. 15) at 23.) A social worker, however, is not an acceptable medical source but instead an "other source." 20 C.F.R. § 404.1513(a)(1)-(5). An ALJ may reject the opinion from "other sources" which are not considered "an acceptable medical source" by providing germane reasons for doing so. Turner v. Comm'r of the Soc. Sec. Admin., 613 F.3d 1217, 1223-24 (9th Cir. 2010). Here, the ALJ offered germane reasons, including that plaintiff had only visited Lance Ferris on one occasion. (Tr. at 34.)

[5] Despite her failure to make this inquire, the ALJ nonetheless concluded in his March 27, 2012 decision that "the vocational expert's testimony [was] consistent with the information contained in the Dictionary of Occupational Titles." (Tr. at 35.)

[6] The ALJ also admonished the vocational expert to "make sure it's routine, repetitive type simple work." (Tr. at 71.)

7

operator and election clerk. (Id. at 72.) Based on that testimony, the ALJ concluded that plaintiff could perform the jobs of call-out operator and election clerk. (Id. at 35.)

The jobs of call-out operator and election clerk, however, require the claimant to have a Level 3 reasoning level. See Siqueiros v. Colvin, No. EDCV 12-1790 AN, 2013 WL 6732885, at *2 (C.D. Cal. Dec. 19, 2013); see also DOT 237.367-014; DOT 205.367-030. "The weight of authority in this circuit, including in this district, has concluded that a limitation to simple, repetitive tasks is inconsistent with the DOT's description of jobs requiring GED reasoning Level 3." Celedon v. Colvin, No. 1:13-cv-0449 SMS, 2014 WL 4494507, at *9 (E.D. Cal. Sept. 11, 2014). See also Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (limitation to simple and routine work "seems inconsistent with the demands of level-three reasoning"); Tich Pham v. Astrue, 695 F.Supp.2d 1027, n.7 1032 (C.D. Cal. 2010) (level 3 reasoning "greater than the reasoning required for simple repetitive tasks"); Gottschalk v. Colvin, Civil No. 6:13-cv-0125-JE, 2014 WL 1745000, at *5 (D. Or. May 1, 2014) (majority of district courts within the Ninth Circuit have concluded that there is a conflict between limitation to simple, routine, repetitive work and level 3 reasoning); Torrez v. Astrue, No. 1:09-0626-JLT, 2010 WL 2555847, at *9 (E.D. Cal. June 21, 2010) ("In light of the weight of authority in this circuit, the Court concludes that the DOT precludes a person restricted to simple, repetitive tasks, from performing work . . . that requires level three reasoning.").

The Commissioner argues that "one of the jobs identified by the vocational expert, sandwich board carrier/demonstrator, is classified by the DOT as reasoning level 1." (Def.'s MSJ (Dkt. No. 18) at 7.) The ALJ's decision declared that the vocational expert "also listed" the jobs of telephone marketer, research subject and sandwich board carrier/demonstrator, as jobs plaintiff could perform.[7] (Id. at 35.)

However, the vocational expert listed those jobs only in an answer to a hypothetical question that did not account for all of plaintiff's limitations indicated in the ALJ's residual

---

[7] The jobs of telephone marketer and research subject have a level three reasoning requirement and are inconsistent with a limitation to simple, repetitive tasks for the reasons discussed above. See DOT 299.357-014; DOT 359.677-030.

1  functional capacity determination.  (Id. at 72-75.)  While an ALJ may pose a range of
2  hypothetical questions to a vocational expert based on alternate interpretations of the evidence,
3  the hypothetical question that ultimately serves as the basis for the ALJ's determination, i.e., the
4  hypothetical question that is predicated on the ALJ's final RFC assessment, must account for all
5  of the limitations and restrictions of the particular claimant. Bray v. Comm'r of Soc. Sec.
6  Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).
7      Here, the ALJ did not ask the vocational expert whether her testimony conflicted with the
8  DOT, there was a conflict between the vocational expert's testimony and the DOT and that
9  conflict was left unexplained in the ALJ's decision.  Accordingly, plaintiff's motion for summary
10  judgment will also be granted as to this claim as well.

## CONCLUSION

12      With error established, the court has the discretion to remand or reverse and award
13  benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Plaintiff asks that this matter
14  be remanded "to enhance the record." (Pl.'s MSJ (Dkt. No. 15) at 29.)  Where there are
15  outstanding issues that must be resolved before a determination can be made, or it
16  is not clear from the record that the ALJ would be required to find plaintiff disabled if all the
17  evidence were properly evaluated, remand is appropriate.  Benecke, 379 F.3d at 594.
18      Here, there are outstanding issues that must be resolved and it is not clear from the record
19  that the ALJ would be required to find plaintiff disabled if all the evidence were properly
20  evaluated in keeping with this order.  Accordingly, the court finds that this matter should be
21  remanded for further proceedings so that the ALJ can properly consider the opinions of plaintiff's
22  treating physicians, providing specific and legitimate reasons supported by substantial evidence in
23  the record if the ALJ elects to reject the opinion of any treating physician, and to comply with the
24  requirements of SSR 00–4p.
25      For all the reasons set forth above, IT IS HEREBY ORDERED that:
26          1.  Plaintiff's motion for summary judgment (Dkt. No. 15) is granted;
27          2.  Defendant's cross-motion for summary judgment (Dkt. No. 18) is denied;
28  /////

3. The Commissioner's decision is reversed; and

4. This matter is remanded for further proceedings consistent with this order.

Dated:  February 9, 2015

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\marchel1416.ord.docx